UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA ISABEL MAGALLANES | ) | Case No. EDCV 13-2051-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On November 15, 2013, Maria Isabel Magallanes ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on February 24, 2014. On May 23, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 52-year-old female who applied for Social Security Disability Insurance benefits on October 22, 2011, alleging disability beginning January 1, 2009. (AR 10.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date.  (AR 12.)

Plaintiff's claim was denied initially on April 20, 2012 and on reconsideration on October 11, 2012.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lynn Ginsberg on May 9, 2013, in Moreno Valley, California.  (AR 10.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 10.)  Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing.  (AR 10.)

The ALJ issued an unfavorable decision on June 20, 2013.  (AR 10-21.)  The Appeals Council denied review on September 12, 2013.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.    Whether the ALJ has properly considered the relevant medical evidence of record in assessing Plaintiff's residual functional capacity.

2.    Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed her credibility

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

1  Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such

2  relevant evidence as a reasonable mind might accept as adequate to support a

3  conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation

4  omitted).

5       This Court must review the record as a whole and consider adverse as well as

6  supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

7  Where evidence is susceptible to more than one rational interpretation, the ALJ's

8  decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

9  (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole

10  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

11  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

12  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

13                          **THE SEQUENTIAL EVALUATION**

14       The Social Security Act defines disability as the "inability to engage in any

15  substantial gainful activity by reason of any medically determinable physical or mental

16  impairment which can be expected to result in death or . . . can be expected to last for a

17  continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A),

18  1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to

19  determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

20       The first step is to determine whether the claimant is presently engaging in

21  substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the

22  claimant is engaging in substantial gainful activity, disability benefits will be denied.

23  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether

24  the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at

25  746.  An impairment is not severe if it does not significantly limit the claimant's ability to

26  work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment

27  is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

28  of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 1, 2009, the application date.  (AR 12.)

4

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: history of breast cancer with left breast mastectomy and reconstruction; obesity; migraines; arthritis; status post gastric bypass surgery (2005); right carpal tunnel syndrome; and bilateral hearing loss (20 C.F.R. § 404.1520(c)).  (AR 12-14.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 14.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk for six hours out of an eight-hour workday with regular breaks.  She can sit for six hours out of an eight-hour workday with regular breaks.  She is limited to no to rare crawling or climbing of ladders, ropes and scaffolds.  She can occasionally balance, stoop, kneel, and crouch.  She can frequently climb ramps and stairs. She can have occasional exposure to the use of moving hazardous machinery and walking on uneven terrain.  She can have no to rare exposure to unprotected heights.  She can perform frequent handling with the right upper extremity.  She is precluded from jobs requiring perfect hearing or acute hearing to avoid work place hazards.  She is limited to simple instructions.  She is limited to semiskilled work.  She cannot perform fast-paced production requirements.  She is limited to superficial and no direct interaction with the public on a customer service basis (i.e. jobs that do not require face-to-face interaction with the public).

(AR 15-19.)  In determining this RFC, the ALJ made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a customer complaint clerk.  (AR 19.)  The ALJ, however, also found that considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including office helper, cleaner, housekeeping and inspector/hand packager.  (AR 20.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act.  (AR 21.)

**DISCUSSION**

The ALJ properly considered the medical evidence and properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the medical evidence supports greater limitations for her carpal tunnel syndrome, hearing loss and migraines than those imposed in the ALJ's RFC.  The Court disagrees.

**A.    Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d

6

821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

Plaintiff Maria Isabel Magallanes challenges the ALJ's RFC in three respects:

   1.    Right Hand Carpal Tunnel Syndrome

Plaintiff contends that the medical evidence supports greater limitations than are contained in the ALJ's RFC for her medically determinable severe impairment of right carpal tunnel syndrome.  (AR 12.)  The ALJ limited Plaintiff to no more than frequent handling with the right upper extremity.  (AR 15.)  Plaintiff who is right handed testified that she has suffered a loss of grip strength.  (AR 35.)  Plaintiff complained of numbness in the index and middle fingers of her right hand.  (AR 430.)  An EMG revealed mild right median neuropathy.  (AR 434.)  Plaintiff asserts that the ALJ's RFC erred in not reflecting any limitations in fine fingering and that she would not be capable of gross handling with the right upper extremity on more than an occasional basis.  The VE testified that such a limitation would eliminate all three light work occupations he identified.

The record evidence does not support greater limitations for Plaintiff's right carpal tunnel syndrome.  Plaintiff alleges an onset date of January 1, 2009 (AR 10) but there is no evidence in the record regarding right hand problems until June 2012.  (AR 18.)  In fact, Dr. Ulin Sargeant, the consulting internist, examined Plaintiff on March 24, 2012 and found that Claimant's grip strength measured at 55 pounds on the right and 40 pounds on the left.  (AR 17, 402.)  Her range of motion of the shoulders, wrists and hands was grossly within normal limits.  (AR 17, 403-404.)  Dr. Sargeant concluded that there is no hand use or fine fingering manipulation impairment.  (AR 19, 405.)  On March 17, 2012, a State agency reviewing physician marked "None established" in regard to manipulative limitations, including for handling (gross manipulation) and fingering (fine manipulation).  (AR 19, 414.)

The ALJ acknowledged that in June 2012 Plaintiff complained of numbness in her right index and middle fingers and that physical examination revealed decreased sensation over the dorsal aspect of the second and third digits.  (AR 18, 430.)  An EMG

1   on June 29, 2012, revealed only "mild" right median neuropathy <u>at the wrist</u> with no

2   evidence of "another mononeuropathy, polyneuropathy or cervical radiculopathy." (AR

3   18, 434.)  The ALJ also noted that Plaintiff was referred to a surgeon but the record

4   contains no recommendation for right carpal tunnel release. (AR 18.)  Plaintiff testified

5   at the hearing she is not sure she wants another surgery. (AR 35-36.)

6        Plaintiff asserts that, if she experiences numbness and weakness in her fingers,

7   she will not only have difficulties with gross handling but also limitations in fine fingering

8   as well. (JS 6:24-28.)  There is no medical evidence in the record to support this

9   assertion.  Plaintiff, moreover, never alleged any problems with fingering and did not

10  testify at the hearing she had fingering difficulties. (AR 35.)  Rather, she testified she

11  had a loss of grip strength and that she had dropped a cup of coffee (AR 35), not that

12  she had problems with utensils, writing or doing any other activity involving fine fingering.

13  (AR 35.)  Social Security regulations differentiate between fingering and handling.  SSR

14  83-14 ("many unskilled light jobs do not entail fine use of the fingers.  Rather, they

15  require gross use of the hands to grasp, hold, and turn objects").  Plaintiff herself

16  testified she could perform activities such as changing and feeding a baby, which would

17  require finger dexterity. (AR 37.)  No doctor assessed manipulative limitations. (AR 19.)

18       Additionally, no medical evidence supports Plaintiff's contention that frequent

19  handling would exacerbate her right carpal tunnel syndrome, nor did she ever testify to

20  that effect.  Nor did the VE say occasional handling or fingering would be work

21  preclusive, as Plaintiff contends.  The VE said occasional use of the right dominant

22  upper extremity would eliminate all three jobs he had identified. (AR 49.)  There was no

23  evidence in the record of such limitation.

24       There is medical evidence in the record supporting the ALJ's RFC, and none

25  supporting the enhanced limitations claimed by Plaintiff.  The ALJ, moreover, is the one

26  responsible for resolving conflicts in the medical evidence.  <u>Andrews</u>, 53 F.3d at 1039.

27  Where the ALJ's interpretation of the medical evidence is reasonable as it is here, it

28  should not be second-guessed.  <u>Rollins</u>, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ did not err in considering the medical evidence in determining the appropriate limitations for Plaintiff's right carpal tunnel syndrome.

### 2.   Hearing Loss

The ALJ found that Claimant suffers from the medically determinable severe impairment of bilateral hearing loss.  (AR 12.)  The ALJ's RFC accordingly provides that Ms. Magallanes is "precluded from jobs requiring perfect hearing or acute hearing to avoid work place hazards" and is "limited to superficial and no direct interaction with the public on a customer service basis (i.e. jobs that do not require face-to-face interaction with the public."  (AR 15.)  Claimant asserts that these limitations are inadequate to fully address her bilateral hearing loss.  The Court disagrees.

The ALJ observed that the medical evidence reveals a history of ostosclerosis with stapedotomy performed bilaterally with improvement in hearing.  (AR 18, 213-214.) She suffered progressive hearing loss, likely due to chemotherapy, which could not be improved with surgery.  (AR 15, 214, 350.)  A hearing test on March 9, 2010 revealed right mild to severe and left moderate to severe sensorineural hearing loss with speech discrimination of 84% on the right and 100% on the left.  (AR 18, 213.)  She was diagnosed with type A tympanograms bilaterally and medically cleared for bilateral hearing aids.  (AR 18, 213.)  After Claimant was fitted for bilateral hearing aids (AR 18, 377), subsequent tests on March 28, 2012 revealed moderate to profound high frequency sensorineural hearing loss but with speech discrimination scores of 92% on the right and 88% on the left.  (AR 18, 381.)  There was no speech deficit.  (AR 18, 381.) The ALJ found that with the hearing aids Plaintiff is able to hear with both ears with few problems.  (AR 16, 484.)  Claimant's doctor assessed audiological limitations that she cannot work in jobs requiring acute hearing to avoid hazardous situations.  (AR 18, 381.)

There is no medical evidence to support any audiological limitations beyond those imposed by Plaintiff's treating physician and adopted in the ALJ's RFC.  Plaintiff complains she has difficulty hearing but acknowledges using hearing aids and she admitted her hearing was better with her hearing aids.  (AR 15, 18, 32.)  Plaintiff testified

at the hearing that her hearing aids provide too much feedback or echo but there is nothing in the record indicating she ever made that complaint to her physicians.  She claims that her hearing impairment would lead to a slow and ineffective work pace because individuals working with her would have to repeat instructions, but according to the Dictionary of Occupational Titles ("DOT") the cleaner and inspector positions (DOT 323.687-014 and 559.687-074) do not require hearing or talking to carry out the job duties of those positions.  The office helper position only requires those activities occasionally.  (DOT 239.567-010.)

There is medical evidence supporting the ALJ's RFC and none supporting the enhanced limitations claimed by Plaintiff regarding her hearing loss.  Again, the ALJ is the one responsible for resolving the medical evidence, Andrews, 53 F.3d at 1039, and where the ALJ's interpretation of the medical evidence is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ did not err in considering the medical evidence in determining appropriate limitations for Plaintiff's hearing loss.

### 3.    Migraines And Dizziness

Plaintiff complains of migraine headaches and dizziness which were attributed to wearing her hearing aids too long.  (AR 18, 480, 482.)  The ALJ's RFC accommodated her headaches and dizziness by limiting Plaintiff to "simple instructions, no fast-paced production requirements and hazard limits."  (AR 15, 18.)

Plaintiff challenges the ALJ's RFC as inadequate and asserts that she would miss work at least three times a week which would preclude all work.  The ALJ, however, found that medication reduced the frequency of Plaintiff's migraine headaches which Plaintiff has acknowledged.  (AR 18.)  Plaintiff noted that physicians advised her to use her hearing aids less.  (AR 430, 431.)  Recent treatment records indicate Plaintiff's symptoms improved when she used one hearing aid during daytime and that Claimant was doing well with the hearing aids: a doctor recommended alternating aids between left and right ear during day (AR 480), audio testing showed "good aided benefit" (AR

482) and dizziness got better where patient used one aid and only during daytime and was "doing well" with her hearing aids.  (AR 484.)  Most importantly, as already noted, there is no medical evidence that Plaintiff complained to her treatment providers that her headaches and/or dizziness caused her to be bedridden.

The ALJ's RFC is supported by substantial evidence and there is no medical evidence to support greater limitations than those supported by the ALJ's RFC.  The ALJ did not err in considering the medical evidence in determining the appropriate limitations for Plaintiff's migraine headaches.

## II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted her subjective symptom testimony.  The Court disagrees.

### A    Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must

1  identify what testimony is not credible and what evidence discredits the testimony.

2  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

3  **B.    Analysis**

4  In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically

5  determinable impairments reasonably could be expected to cause her alleged

6  symptoms.  (AR 17.)  The ALJ, however, also found that Plaintiff's statements

7  concerning the intensity, persistence and limiting effects of these symptoms were not

8  credible to the extent inconsistent with the ALJ's assessed RFC.  (AR 17.)  Because the

9  ALJ did not make a finding of malingering, she was required to provide clear and

10  convincing reasons supported by substantial evidence to discount Plaintiff's credibility.

11  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

12  First, the ALJ found that the objective medical evidence does not support the

13  alleged severity of Claimant's subjective symptoms.  (AR 16, 19.)  The ALJ observed

14  that the medical opinion evidence indicated Plaintiff could do medium work and that the

15  medical evidence of record contained no restrictions from a treating doctor that were

16  disabling.  (AR 19.)  An ALJ is entitled to consider a lack of medical evidence to

17  corroborate a claimant's subjective symptoms in evaluating credibility so long as it is not

18  the only reason for discounting credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th

19  Cir. 2008).

20  Second, the ALJ found that Plaintiff's daily activities were inconsistent with

21  disability (AR 16-17), which is a legitimate basis for discounting credibility.  Bunnell, 947

22  F.2d at 345-46.  The ALJ found that Claimant engaged in a somewhat normal level of

23  daily activity and interaction despite her impairments.  (AR 16.)  Claimant, after being

24  laid off from her last job, completed school in 2011 for a position as a pharmacy

25  technician.  (AR 15, 16); see Matthews v. Shalala, 10 F.3d 678, 679-80 (9th Cir. 1993)

26  (attending school three days a week is "inconsistent with an alleged inability to work").

27  Plaintiff does not challenge the ALJ's consideration of this activity.

28

13

1    The ALJ also found that Claimant takes care of her grandchildren three of four

2    days a week which can be quite demanding both physically and mentally.  (AR 16.)

3    Claimant is able to change diapers, feed her grandchildren and go on walks.  (AR 16-

4    17.)  Plaintiff disputes the ALJ's finding on the basis that she has bad days due to

5    migraines when she cannot take care of her grandchildren (AR 16) but even occasional

6    childcare is sufficient to discount credibility, Morgan, 169 F.3d at 600, especially here

7    where there was no medical evidence to support Plaintiff's claims of being bedridden.

8    Third, the ALJ found that Plaintiff stopped working due to a business related layoff

9    rather than because of any allegedly disabling impairments.  (AR 16.)  Subjective

10   symptom testimony may be rejected where claimant is laid off for reasons unrelated to

11   the claimed symptoms.  Drouin v. Sullivan, 966 F.2d 1255, 1256 (9th Cir. 1992).

12   Claimant also obtained unemployment benefits after her layoff which required her to

13   certify she was able to work.  (AR 16.)  Inconsistencies in Plaintiff's testimony or

14   between her testimony and conduct is a valid basis for discounting credibility.  Light v.

15   Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir.1987).  The ALJ found these facts to

16   diminish Plaintiff's credibility.

17   Plaintiff disagrees with the ALJ's interpretation of the evidence but it is the ALJ's

18   responsibility to resolve ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where

19   the ALJ's interpretation of the record is reasonable as it is here, it should not be second-

20   guessed.  Rollins, 261 F.3d at 857.

21   The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons

22   supported by substantial evidence.

23                                              * * *

24   The ALJ properly considered the medical evidence and properly discounted

25   Plaintiff's subjective symptom testimony.  The ALJ's RFC is supported by substantial

26   evidence.  The ALJ's nondisability determination is supported by substantial evidence

27   and free of legal error.

28

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 6, 2014

_____/s/ John E. McDermott_____
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE